T.S. HARTZELL
325 West Franklin Street, #103
Tucson, Arizona 85701
(520) 792-8181
Arizona State Bar # 013862
Pima County Computer # 64555
tshartzell@tshartzell.com

Attorney for Defendant Ortiz

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:22-cr-01608-RM-JR |
| vs. | ) | OBJECTIONS TO PRESENTENCE REPORT |
| Anthony Ortiz, | ) | |
| Defendant. | ) | |

Defendant Anthony Ortiz, through counsel and pursuant to Rule 32(f), Federal Rules of Criminal Procedure, objects as follows to the draft presentence report (CM/ECF # 137).

¶ 15

Contrary to the assertion in the draft presentence report, the Barrett rifle was never transported to Mexico. In fact, it was seized in the parking lot of the store from which it was purchased immediately following the purchase. Mr. Ortiz attaches a copy of the receipt for the rifle as proof.

Further, Count Ten of the indictment does not allege transportation of the Barrett rifle to Mexico, but attempted transportation. The only other rifle purchased by Ortiz, a F.N. Scar 17, was bought on November 30, 2021, and transported to Mexico the same day as alleged in Count 9. Counts 7 and 8 have nothing to do with Ortiz.

Culpability Assessment

Anthony Ortiz, as explained at the change of plea and in his presentence interview, did not know the firearms were being transported to Mexico. He suspected they were and knew of the market there, but was never told of or participated in transportation of the firearms. He was

involved in the conspiracy only two days, November 30, 2021, and the next day, December 1, 2021.

¶ 23

Ortiz objects to the proposed application of the six-level enhancement of U.S.S.G. §2K2.1(b)(6)(A). This enhancement adds four levels or, if the adjusted offense level is less than 18, raises it to 18. It reads:

> (A)     possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States;

Ortiz never left the United States with a firearm or attempted to leave. He did transfer a firearm suspecting it could end up in Mexico, but denies that his general belief that drugs flow north and guns and money go south satisfies the "reason to believe" element of this enhancement.

"Reason to believe" requires more than suspicion. While few cases discuss the quantum of evidence required to prove this state of mind, one court has found that being told firearm were to be exported and then instructing a coconspirator to remove the serial numbers was enough.

> That ends this aspect of the matter. The appellant was aware that the CWs wanted to purchase a significant number of firearms, including assault rifles, with the stated intent of exporting them to the Dominican Republic. Prior to the first of the transactions, he instructed his coconspirator to remove the serial numbers from the trafficked firearms. No more was needed to inoculate the district court's finding that the appellant knew or had reason to believe that CW-2 intended to dispose of the firearms unlawfully against clear error review. *United States v. Ilarraza*, 963 F.3d 1, 13 (1st Cir. 2020).

Anthony Ortiz submits the true adjusted offense level, without the enhancement, is level 10 and the guideline range for a criminal history category I offender would be 6 - 12 months, as provided in the plea agreement.

Conclusion

Anthony Ortiz objects as stated above to the facts, guideline applications and conclusions contained within the draft presentence report. He asks the Court to correct the mistakes should the probation officer fail to do so.

Dated May 2, 2023.

s/ T.S. Hartzell
T.S. Hartzell,
Attorney for Anthony Ortiz