GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: matthew.cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR-22-1608-003-TUC-RM-LCK |
| v. | SENTENCING MEMORANDUM |
| Daniel Axel Garcia, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1.      The matter is set for sentencing on February 15, 2024.

2.      On December 1, 2021, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) were notified by The Hub, a Tucson federal firearms licensee (FFL), that Anthony Ortiz was attempting to purchase a Barrett .50 caliber, semi-automatic rifle for $8,695.95 in cash. ATF agents went to the Hub and observed a sedan parked with four individuals inside. The defendant was one of the individuals in the vehicle, which was registered to Javier Heras-Rodriguez and had crossed into the United States from Mexico at 11:30 p.m. the previous night. Later that day an ATF agent observed Ortiz and another male enter the Hub and then return with a large briefcase. Agents observed all four occupants of the vehicle place the case in the trunk of the car. After the car left, agents conducted a traffic stop of the sedan, which was being driven by the defendant.

3.     After speaking to Ortiz and Ricardo Caro, who was also in the vehicle, and searching their phones, agents learned about a conspiracy to purchase firearms and smuggle them to Mexico. This included text messages discussing the purchase and then smuggling of firearms (including how to hide them, break them down, hiding spots in cars, etc.). The text messages also matched up with specific purchases that were made by the members of the conspiracy at FFLs. Agents learned that the defendant's role in this conspiracy was an important one, although not quite at the level of Heras-Rodriguez. The defendant contributed money toward several of the firearms purchases, and as the probation office's presence investigation report states in paragraph 23, the defendant "worked closely with Heras-Rodriguez and directed Caro as to what guns should be purchased and at what prices."

5.     On July 21, 2022, a Tucson federal grand jury indicted the defendant on nine counts, including aiding and abetting in the straw purchasing of firearms, smuggling goods from the United States, and conspiracy. On June 15, 2023, the defendant pled guilty to counts two through five of the indictment pursuant to a written plea agreement. The plea calls for the defendant to be sentenced to a period of incarceration not to exceed 18 months.

6.     The government has reviewed the probation department's presentence investigation report (PSR) and disposition report and has no additions or corrections to the factual statements or guideline/criminal history calculations. The probation department calculates the defendant's guideline sentencing range as 24-30 months, based on a total offense level 17 and criminal history category I. The PSR includes a four-level enhancement based on U.S.S.G. § 2K2.1(b)(6)(A) that is not included in the plea agreement and raises the defendant's guideline sentencing range from the 12-18 months contemplated in the plea to 24-30 months. The probation department is correct that this enhancement should apply. The PSR also incorrectly states in paragraph 93 and on page 17 that the plea agreement calls for a sentencing range of 12-18 months. The plea agreement states on page 3, line 24, that "the defendant's sentence shall not exceed 18 months." The PSR recognizes this in paragraph 5, which accurately states the terms of the plea agreement. The probation department

2

recommends 12 months and one day, which is a variance from the defendant's guideline range but would comply with the provision of the plea.

7. 18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

8. Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and sentence the defendant to a period of incarceration between six months and 12 months and one day, to be followed by three years of supervised release. This is the last of the members of this conspiracy to be sentenced. The three straw purchasers (Ortiz, Caro, and Nido-Valenzuela) all received sentences to probation. The Court sentenced Heras-Rodriguez, the leader of the cell, to 18 months of incarceration. The defendant's sentence should fall somewhere in the middle, as he was certainly more culpable than the three straw purchasers, and he was also not involved at the level of Heras-Rodriguez. This was an international firearms conspiracy that contributed to the circle of violence that plagues the border between the United States and the Republic of Mexico. The proliferation of firearms leads to drug trafficking and human smuggling cartels gaining strength, which leads to more drugs and illegal immigration into Arizona. The defendant was instrumental in the recruitment and management of the rest of the members of the conspiracy, and he should be sentenced accordingly. The government will further explain its position at the sentencing hearing, currently set for February 15, 2024.

/ / /

Respectfully submitted this 8th day of February, 2024.

GARY M. RESTAINO
United States Attorney

*/s/ Matthew C. Cassell*

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 8th day of February, 2024, to:

Bartholomew D. Reidy, Esq.
Counsel for defendant

4